**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ALLEN ROBERTSON, et al** | ) | **CASE NO. 23-1494** |
| | ) | |
| *Plaintiffs* | ) | **JUDGE SHELLY DICK** |
| | ) | |
| **VERSUS** | ) | |
| | ) | |
| **LOUISIANA BOARD OF** | ) | **MAGISTRATE JUDGE** |
| **PARDONS, et al** | ) | **RICHARD BOURGEOIS** |
| | ) | |
| *Defendants* | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS, OR ALTERNATIVELY, TO QUASH**
**RETURNS OF SERVICE OF PROCESS PURSUANT TO FRCP 12(B)(5)**

**MAY IT PLEASE THE COURT:**

Defendants, Sheryl Ranatza and Alvin Roche, herein move to dismiss the complaint, or alternatively, to quash the returns of service of process filed into the record, more specifically R. Doc. 19, R. Doc. 20, and R. Doc. 24. The alleged returns on summons are, on their faces, evidence of insufficient service of process and thus this matter should be dismissed or the returns should be quashed.

**I.    FACTS**

Plaintiffs filed this action or about October 17, 2023. Summons were issued on October 19, 2023, by the Clerk of Court. (R. Doc. 9). On the same date, an individual named George Steimel attempted to serve several of the summons. Mr. Steimel alleged in the "additional information" section of the summons issued to Mrs. Ranatza that service was "attempted at La Board of Pardons, [Ranatza] was not in the office." (R. Doc. 19). On the same document, Mr.

0

Steimel checked the "other" box, further specifying, "left documents on front door step of 12458 Graham Road, St. Francisville, LA 70775, belonging to Sheryl Ranatza; defendant does not have a mail box." (R. Doc. 19). This document was dated October 20, 2020, was signed by Mr. Steimel, and was filed into the record by Plaintiffs' counsel on October 23, 2020. Also on October 19, 2023, Mr. Steimel alleged on a summons issued to Mr. Roche that he "left documents in mailbox belonging to Alvin Roche at 4014 N. River Road, Port Allen, LA 70767. (R. Doc. 20).

Apparently recognizing the issue with their first attempted service, Plaintiffs' counsel attempted to serve Mrs. Ranatza a second time, this time through commercial carrier. R. Doc. 24 reflects that on or about October 20, 2023, Mr. Giselson sent Mrs. Ranatza a letter and a copy of the complaint and summons via FedEx. The return is again checked in the "other" box, with Plaintiffs providing a tracking number and an image indicating the documents were received and signed for.

None of these methods of attempted service are valid. One constitutes a federal crime. This matter should be dismissed as to these Defendants or the three returns should be quashed.

## II.      LEGAL STANDARD

Rule 12(b)(5) permits a defendant to move to dismiss a complaint for improper service of process. "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." *Lee v. OfferUp, Inc*., No. CV 17-1609, 2018 WL 1326154 (E.D. La. Mar. 15, 2018) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1353 (3d ed.)). Unless the defendant has been served with process in accordance with Fed.R.Civ.P. 4, a federal court lacks personal jurisdiction over the defendant. *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd*., 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d

1

415 (1987); *Pavlov v. Parsons*, 574 F.Supp. 393, 399 (S.D.Tex.1983). "A motion to dismiss

pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process. The party making

service has the burden of demonstrating its validity when an objection to service is made." *Quinn*

*v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012)(*citing Carimi v. Royal Carribean Cruise Line,*

*Inc.*, 959 F.2d 1344, 1346 (5th Cir.1992)).

### a.   LAW AND ANALYSIS

Plaintiffs brought this action and are responsible for properly serving all Defendants. The

Federal Rules of Civil Procedure require a summons and complaint to be served either in

accordance with the law of the state where the district court is located or by personal service via

an authorized process server. Fed. R. Civ. P. 4(c)(1)-(2), (e). Fed. R. Civ. P. 4(e) provides that:

> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

### a.   Leaving Documents on a Door-Step or in a Mailbox is not Valid Service Under Louisiana Law

Personal service in Louisiana "is made when a proper officer tenders the citation or other

process to the person to be served." La. C.C.P. art. 1232. "Personal service may be made anywhere

the officer making the service may lawfully go to reach the person to be served." La. C.C.P. art.

1233.  Louisiana law provides that "[d]omiciliary service is made when a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing in the domiciliary establishment." La. C.C.P. art. 1234.  A party may be validly served at his or her place of business only by citation served on the party personally.  *See Edwards v. First Bank and Trust*, App. 1 Cir.2013, 181 So.3d 726, 2012-0423 (La.App. 1 Cir. 4/8/13), *on subsequent appeal* 2015-0081 (La.App. 1 Cir. 12/23/15), 2015 WL 9464615.  Leaving a copy of a petition and citation at one's office is invalid, as an individual must be served either personally or at his domicile through a person of suitable age and discretion. *See Item Co. v. St. Tammany Hotel*, 175 So. 421 (La. App. 2nd Cir. 1937).

No code article, statute, or jurisprudence authorizes service via leaving documents on one's doorstep or placing them into a litigant's mailbox.  In fact, 18 U.S.C. § 1725 makes it a crime to deposit documents, for which no postage has been paid, into another's mailbox.   This provision applies to both commercial and non-commercial mailbox deposits.  *See U. S. Postal Serv. v. Council of Greenburgh Civic Associations,* 453 U.S. 114, 101 S. Ct. 2676, 69 L. Ed. 2d 517 (1981).  It is clear that neither the leaving of the summons on Mrs. Ranatza's doorstep nor the unlawful deposit of the summons into Mr. Roche's mailbox constitute valid service under federal or Louisiana law.  As such, the matter should be dismissed as to these defendants, or alternatively, both of these returns should be quashed.

**b.    Plaintiff's Mailing of the Summons and Complaint did not Constitute Valid Service**

Plaintiff also sent the summons and complaint to Mrs. Ranatza via FedEx. (R. Doc. 24). This does not constitute valid service under 4(e) as set forth above. La. R.S. 13:3204, Louisiana's long-arm statute, authorizes service via "certified mail, or actually delivered to the defendant by commercial courier, *when the person to be served is located outside of this state* or by an individual

3

designated by the court in which the suit is filed." (emphasis added).  It is undisputed that Mrs. Ranatza is not located outside of the state of Louisiana.  As such, this matter should be dismissed as to these defendants, or alternatively, the return on summons filed into the record as R. Doc. 24 should appropriately be quashed.

## IV.    CONCLUSION

Plaintiffs have the burden of showing that they effected valid service upon the Defendants to this lawsuit.  Leaving a stack of paper on a doorstep, putting it in one's mailbox, or mailing it to an individual living within the state of Louisiana all constitute insufficient service under federal law.  For the reasons set forth herein, this matter should be dismissed, or alternatively, R. Doc. 19, R. Doc. 20, and  R. Doc. 24 should all be quashed.

Respectfully submitted,

**RODRIGUE & ARCURI, LLP**

By:    */s/Blake J. Arcuri*
Blake J. Arcuri (LSBN 32322)
Laura Cannizzaro Rodrigue (LSBN 30428)
1615 Poydras St., Ste. 1250
New Orleans, LA 70112
(504) 592-4600
bja@rodrigueacuri.com; lcr@rodriguearcuri.com
**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that on the  3rd day of November, 2023, I have caused this pleading to be filed in the Court's CM/ECF system and have served any parties or counsel not enrolled in the CM/ECF system via U.S. Mail, postage prepaid, and/or by electronic mail.

*/s/Blake J. Arcuri*

4

5